IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD WHITFIELD,

    Petitioner,                    Civ. No. S-10-646 KJM P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.              ORDER

                                   /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to magistrate judge jurisdiction. Petitioner challenges his Sacramento County conviction on burglary and petty theft with a prior petty theft and his three strikes sentence of twenty-eight years to life. The petition raises four grounds: petitioner's sentence constitutes cruel and unusual punishment; the identification of petitioner was unconstitutionally suggestive; he was denied his right to confront his co-defendant; and trial counsel was ineffective.

        On May 7, 2010, this court directed petitioner to inform the court which issues in his petition had been exhausted, in light of petitioner's notification that a habeas petition was pending in the California Supreme Court. In response, petitioner has identified the following claims currently pending before the California Supreme Court: ineffective assistance of counsel;

1

denial of right to confront his co-defendant; "unequal protection and selective prosecution of co-defendant;" denial of requested fingerprint test; suggestive and tainted identification procedures; denial of right to challenge his prior convictions. He says that two claims have been exhausted: ineffective assistance of counsel and cruel and unusual punishment. Docket No. 6 at 1-2. He asks for a stay of these proceedings.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented a claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.  However, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[2]

Petitioner has requested a stay.  The court has the authority to stay a mixed habeas petition to allow petitioner to exhaust state court remedies if the unexhausted claims are potentially meritorious and there is good cause for petitioner's failure to exhaust earlier.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Petitioner has not met this standard: it is difficult to discern the basis of some of the unexhausted claims and there is nothing explaining why the issues were not raised earlier.

Finally, petitioner has filed a document entitled "motion to enter criminal history and background."  It appears that petitioner is offering the exhibits attached to the motion in support of his cruel and unusual punishment claim.  He may use these documents as exhibits with his amended petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay (docket no. 6) is denied;

2. Petitioner's motion to enter criminal history (docket no. 7) is denied;

3. Petitioner's petition for a writ of habeas corpus is dismissed; and

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

4. Petitioner is granted thirty days from the date of this order to file an amended petition raising only exhausted claims. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: June 10, 2010.

_____
U.S. MAGISTRATE JUDGE

2
whit0646.103