IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD WHITFIELD,

    Petitioner,                   No. CIV-S-10-0646 KJM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a California prisoner proceeding pro se, is proceeding with an petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The operative petition is the amended petition filed on June 29, 2010, in which petitioner asserts he is serving a sentence of 28-years-to-life in the California Department of Corrections and Rehabilitation and that he was convicted for second degree commercial robbery and theft. The convictions arise from petitioner stealing gardening equipment from a Home Depot. Petitioner presents four claims for relief.

        Respondent asserts petitioner has not exhausted state court remedies with respect to three claims. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

1

In his first claim, petitioner asserts that his sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. This claim was presented by petitioner on direct appeal and was the only claim presented to the California Supreme Court via petition for review. Resp't's Lodged Doc. No. 6. The petition for review was denied by the California Supreme Court on July 29, 2009. Resp't's Lodged Doc. No. 7. Respondent concedes that petitioner has exhausted state court remedies with respect to his first claim.

Petitioner filed one other action in the California Supreme Court related to the conviction and sentence at issue in this action; on December 15, 2009, he filed a petition for writ of habeas corpus. The petition was denied on June 9, 2010 with the following cite: "(See *In re Swain* (1949) 34 Cal.2d 300, 304.)" Resp't's Lodged Doc. No. 13. The Ninth Circuit has recognized that "Swain is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity." Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Also, "a denial of a habeas petition by the California Supreme Court with a citation to [Swain] [is] deemed a denial on procedural grounds, leaving state remedies unexhausted." Id. But, the California Supreme Court's rejection of a claim based on Swain does not necessarily mean the claim cannot be the basis for relief in federal court. If the court finds that, despite the California Supreme Court's citation to Swain in rejecting a claim, a pro se prisoner presented the claim to the California Supreme Court with as much particularity as is practicable, the court must find that petitioner is excused from the exhaustion requirement. Id. at 1320.

Despite the California Supreme Court's citation to Swain, indicating petitioner's petition for writ of habeas corpus was denied without prejudice for procedural reasons, petitioner never filed a follow-up petition with the California Supreme Court. Also, in his opposition to respondent's motion to dismiss, petitioner does not assert his claims were presented with as much particularity as is practicable.

In any case, the court has reviewed the habeas petition filed by petitioner in the California Supreme Court, Resp't's Lodged Doc. No. 13, and finds that the claims presented

therein are not presented with as much particularity as is practicable. In fact, the claims are, generally speaking, vague, rambling and confusing. In the heading for claim one, petitioner asserts he was subjected to ineffective assistance of appellate counsel in violation of the Sixth Amendment. But, in the body of his claim, petitioner fails to point to sufficient facts suggesting counsel on direct appeal failed to raise any issues which arguably have merit. See U.S. v. Moore, 921 F.2d 207, 210 (9th Cir. 1990). In the heading for his second claim, petitioner asserts he was convicted on the basis of an identification that was unconstitutionally suggestive. However, petitioner does not indicate he was ever subjected to an out of court identification procedure such as a lineup. See Neil v. Biggers, 409 U.S. 188, 381 (1972) (in court identification of defendant as perpetrator of crimes charged could be inadmissible if out of court identification procedure was overly suggestive).[1] Within the body of his claims, petitioner takes issue with many things that occurred at trial, but never makes any reasonable attempt to demonstrate why those things resulted in a violation of his Constitutional rights.[2] While it is possible petitioner means to challenge the sufficiency of the evidence presented at trial by addressing evidence which either was or was not presented at trial (e.g. the lack of any evidence demonstrating petitioner's fingerprints were recovered on the items which he allegedly stole), petitioner is never clear about this.

In short, petitioner identifies several theories for relief, within two enumerated claims, including ineffective assistance of appellate counsel, denial of due process, denial of equal protection, collateral estoppel, denial of Boykin-Tahl rights, selective prosecution, prosecutorial misconduct, denial of the right to confront accusers and ineffective assistance of

---

[1] Apparently, the basis for petitioner's claim is that a trial witness was mistakenly present during some portion of voir dire. However, petitioner fails to point to anything suggesting this resulted in a violation of his federal rights.

[2] For example, petitioner asserts that a video tape presented at trial was never properly authenticated without explaining how that tainted his trial in a manner sufficient to constitute a violation of his Constitutional rights.

trial counsel. He also identifies certain occurrences at trial he apparently perceives as improper. However, the content provided by petitioner never amounts to a clear and coherent combination of law and fact necessary for a claim alleged with sufficient particularity. Further, nothing before the court suggests that petitioner is not capable of pleading any of his claims which at least arguably have merit with significantly more particularity.

In light of the foregoing, the court finds that petitioner has not exhausted state court remedies with respect to any claim except claim one in his amended petition. Therefore, the court will recommend that respondent's motion to dismiss be granted, and that all claims except claim one be dismissed.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 21, 2010 motion to dismiss be granted;

2. The claims identified as claims two, three and four in petitioner's June 29, 2010 amended petition for writ of habeas corpus be dismissed for failure to exhaust state court remedies; and

3. Respondent be directed to file his response with respect to claim one within twenty-one days of any order adopting the foregoing findings and recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings

\\\\\

\\\\\

---

[3] The court notes that if the district court judge assigned to this case agrees that petitioner has not exhausted state court remedies with respect to claims two, three and four, petitioner may request that this action be stayed so that he may exhaust state court remedies. Petitioner should refer to both Rhines v. Weber, 544 U.S. 269 (2005) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) before seeking a stay.

and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2012

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
whit0646.103