1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD WHITFIELD,

11           Petitioner,                    No. 2:10-cv-0646 KJM CKD P

12       vs.

13   GARY SWARTHOUT,

14           Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner, a California prisoner proceeding pro se, is proceeding with a petition

17   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of 28-

18   years-to-life, imposed pursuant to California's "Three Strikes Law," for burglary.  His remaining

19   claim is that his length of his sentence constitutes cruel and unusual punishment in violation of

20   the Eighth Amendment.

21           An application for a writ of habeas corpus by a person in custody under a

22   judgment of a state court can be granted only for violations of the Constitution or laws of the

23   United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief is not available for any claim

24   decided on the merits in state court proceedings unless the state court's adjudication of the claim:

25           (1) resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established federal law, as
26           determined by the Supreme Court of the United States; or

                                      1

1    (2) resulted in a decision that was based on an unreasonable
2    determination of the facts in light of the evidence presented in the
     State court proceeding.

3    28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from

4    obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

5    The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

6    different.  As the Supreme Court has explained:

7    A federal habeas court may issue the writ under the "contrary to"
     clause if the state court applies a rule different from the governing
8    law set forth in our cases, or if it decides a case differently than we
     have done on a set of materially indistinguishable facts.  The court
9    may grant relief under the "unreasonable application" clause if the
     state court correctly identifies the governing legal principle from
10   our decisions but unreasonably applies it to the facts of the
     particular case.  The focus of the latter inquiry is on whether the
11   state court's application of clearly established federal law is
     objectively unreasonable, and we stressed in Williams [v. Taylor,
12   529 U.S. 362 (2000)] that an unreasonable application is different
     from an incorrect one.

13

14   Bell v. Cone, 535 U.S. 685, 694 (2002).

15   The court will look to the last reasoned state court decision in determining

16   whether the law applied to a particular claim by the state courts was contrary to the law set forth

17   in the cases of the United States Supreme Court or whether an unreasonable application of such

18   law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

19   A state court does not apply a rule different from the law set forth in Supreme

20   Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to

21   indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

22   "[W]hen a federal claim has been presented to a state court and the state court has

23   denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

24   absence of any indication or state-law procedural principles to the contrary."  Harrington v.

25   _____

26   [1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not
     grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

1    Richter, 131 S. Ct. 770, 784-85 (2011).  "The presumption may be overcome when there is

2    reason to think some other explanation for the state court's decision is more likely."  Id. at 785.

3            Where the state court fails to give any reasoning whatsoever in support of the

4    denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this

5    court must perform an independent review of the record to ascertain whether the state court

6    decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

7    As long as "'fairminded jurists could disagree' on the correctness of the state court's decision,"

8    habeas relief is precluded.  Harrington, 131 S. Ct. 786.

9            The last court to issue a reasoned decision with respect to petitioner's Eighth

10   Amendment claim was the California Court of Appeal on direct review.  Resp't's Lodged Doc.

11   #5.

12           The Eighth Amendment requires that a sentence not be grossly disproportionate to

13   the crime committed.  Ewing v. California, 538 U.S. 11, 23-24 (2003).  However, successful

14   challenges in federal court to the proportionality of particular sentences are "exceedingly rare."

15   Solem v. Helm, 463 U.S. 277, 289-90 (1983).  See also Ramirez v. Castro, 365 F.3d 755, 775

16   (9th Cir. 2004).  "The Eighth Amendment does not require strict proportionality between crime

17   and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the

18   crime."  Harmelin v. Michigan, 501 U.S. 957, 101 (1991) (Kennedy, J., concurring) (citing

19   Solem v. Helm).  In Ewing v. California, 538 U.S. 11, 29 (2003), the Supreme Court held that a

20   "Three Strikes" sentence of 25 years-to-life imposed on a grand theft conviction involving the

21   theft of three golf clubs from a pro shop with the prior "strikes" being for burglary and robbery

22   was not grossly disproportionate and did not violate the Eighth Amendment.

23           On direct appeal, the California Court of Appeal correctly identified the law

24   clearly established by the Supreme Court with respect to challenges to the length of a sentence

25   under the Eighth Amendment:

26   /////

1    Defendant concedes federal law applies a similar test [to the test
2    applied under California law]. "The Eighth Amendment . . .,
     which forbids cruel and unusual punishments, contains a 'narrow
     proportionality principle' that 'applies to noncapital sentences.'"
3    (*Ewing v. California* (2003) 538 U.S. 11, 20 [155 L.Ed.2d 108].)
     This principle is "applicable only in the 'exceedingly rare' and
4    'extreme' case." (*Lockyer v. Andrade* (2003) 538 U.S. 63, 73 [155
     L.Ed.2d 144.)

5

6    Resp't's Lodged Doc. #5 at 10.

7          In analyzing petitioner's Eighth Amendment claim, the Court of Appeal

8    summarized the facts presented at trial:

9          At trial, a Roseville Home Depot gardening department supervisor
           testified that on April 8, 2007, defendant and another man loitered
10         for about 10 minutes and then grabbed two weed eaters each and
           separated. Defendant left the store "kind of running out the front
11         door so [the supervisor] followed him." The supervisor saw
           defendant putting two weed eaters into a jeep and asked to see a
12         receipt, but defendant drove off without closing the back of the
           jeep. The other man, who had dropped his weed eater, said that
13         defendant was stealing his car. Later, the police took the
           supervisor to a jeep, and he identified two weed eaters in the back
14         as store property. Two store clerks gave similar testimony, and one
           added that he had seen the jeep circling the parking lot earlier,
15         which drew his attention; this was captured on videotape.

16         Roseville Police Officer Darren Kato heard a radio call regarding a
           theft in progress, which included a description of the jeep, and
17         spotted it nearby. Phillip Schamburg was driving, defendant was
           in the passenger seat, and a woman was lying down in the rear.
18         Two weed eaters were in the back. Officer Kato searched
           defendant. He had some pocket change, but no checks, credit cards
19         or identification.

20   Id. at 2-3.

21         The Court of Appeal also reviewed petitioner's criminal history. The court noted

22   that petitioner had sustained "strike" eligible convictions for attempted robbery and robbery.

23   Also, the court noted that since 1991, petitioner sustained several other convictions for, among

24   other things, drug related offenses, grand theft, escape, theft, receiving stolen property, and

25   vehicle theft.  Id. at 3-4.

26   /////

                                        4

1    After reviewing the circumstances of petitioner's crimes, and his criminal record,

2 the Court of Appeal found "[t]his is not a rare or extreme case" and petitioner's sentence "is not

3 grossly disproportionate to the crime, given his criminal record." Id. at 10.

4    After reviewing the entire file in this matter, the court finds that petitioner is

5 barred from obtaining habeas relief under 28 U.S.C. § 2254(d).  The California Court of Appeal

6 correctly identified that the touchstone of any Eighth Amendment claim concerning the length of

7 a sentence is proportionality between crime and sentence.  Resp't's Lodged Doc. #5 at 10.  The

8 Court of Appeal's conclusion that petitioner's sentence is not grossly disproportionate to his

9 crime and criminal history is not contrary to, nor does it concern an unreasonable application of

10 any Supreme Court authority.  Further, the decision is not based on an unreasonable

11 determination of the facts.  For these reasons, petitioner's Eighth Amendment claim should be

12 rejected.

13    In accordance with the above, IT IS HEREBY RECOMMENDED that

14 petitioner's application for a writ of habeas corpus be denied.

15    These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

17 one days after being served with these findings and recommendations, any party may file written

18 objections with the court and serve a copy on all parties.  Such a document should be captioned

19 "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

20 may address whether a certificate of appealability should issue in the event he files an appeal of

21 the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

22 court must issue or deny a certificate of appealability when it enters a final order adverse to the

23 applicant).  Any reply to the objections shall be served and filed within fourteen days after

24 service of the objections.  The parties are advised that failure to file objections within the

25 /////

26 /////

1   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2   F.2d 1153 (9th Cir. 1991).

3     Dated: June 18, 2012

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7

    1
8   whit0646.157

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26